### DENNIS FLANNERY v. P. O'BRIEN.

[Abstract Kentucky Law Reporter, Vol. 6—667.]

**Revocation of Power of Attorney.**

One executing a power of attorney to another which is acted upon binds the maker, and the purchaser of real estate from such attorney is not affected by the revocation of such power, unless he had notice or knowledge of such revocation before his purchase.

**Innocent Purchaser, Through Power of Attorney.**

Where a power of attorney to sell and convey real estate has been revoked and the purchaser of such estate has notice of the revocation before his purchase, but conveys the estate to an innocent purchaser, the rights of such innocent purchaser will be protected.

APPEAL FROM GARRARD CIRCUIT COURT.

March 18, 1885.

OPINION BY JUDGE HOLT:

Michael Flannery died intestate in 1879, being then the owner of a considerable land estate. His heirs were numerous, and non-residents. The appellant, Dennis Flannery, was one of them, and then a resident of New Zealand. Shortly after the death of his

brother and in order as therein recited "to expeditiously settle up said estate," he executed to his nephew, William F. Crowe, a power of attorney of a general character as to the power granted, and which authorized him "to sell my interests in the real estate of said Michael Flannery, deceased, and give all receipts for money paid and sign all deeds of conveyance and give all acquittances and do all other things and sign all papers to have the same force and effect as if done by me in my own proper person."

It was sworn to by the appellant and is part of the record of this suit; but was never acknowledged or recorded.

The land could not be divided among the heirs without materially impairing its value, nor could it be sold without the intervention of court as two of the heirs were infants and some of the others were absent, and had not authorized any one to act for them. Under these circumstances the suit was brought in February, 1881, to sell the property, and Crowe as the attorney in fact of appellant joined him as a plaintiff in it, the other parties in it being also heirs of the decedent. A judgment of sale was obtained on February 3, 1882, and the land sold by portions to different parties on the 25th of the same month.

None of it was purchased by anyone who was then a party to the suit, save Patrick O'Brien, who was one of the defendants and bought a portion of it, but prior to the confirmation of the sale, he transferred the benefit of his purchase to some of the other purchasers and it was so entered of record in this suit. The purchase money was collected and distributed, save the appellant declined to receive the last instalment coming to him, the first one having been paid to Crowe as his agent. After all this had taken place, and on September 6, 1883, the appellant filed his petition to be made a defendant in the suit, and in which he alleged that he had been previously made a plaintiff in the suit without authority from him; that the land had been sold at a sacrifice, and that the sale was void. This created a contest which is now in hand, between him and the purchasers, and they answered in substance that Crowe as his authorized agent had joined him as a party to the suit before the decree of sale was rendered.

To this he replied, that he had about January 1, 1880, and before this suit was brought, by letter to said Crowe revoked his authority, "and that all parties concerned had knowledge of the above facts."

The reply also alleged that the judgment was void, because as to one of the infant plaintiffs the petition did not state that the sale would be beneficial to her; nor was it verified by her statutory guardian; or any commissioner's report made under oath of the net value of her real and personal estate and the annual profits thereof, or any bond executed as required by the statute. It is sufficient, however, to say as to this, that the appellant could not avail himself of it by way of a reply, and even if she had not become of age, when the decree was entered, yet if the purchaser was willing to accept the title, the appellant can not complain.

By an amended reply it was asserted that the appellee, O'Brien, had notice of revocation of Crowe's authority before the judgment was rendered or sale made; and as a demurrer was sustained to the replies, their statements must be taken as true.

By fair implication the power of attorney to Crowe authorized him to unite the appellant as a plaintiff in the suit. It was not necessary that it should be either acknowledged or recorded to render it valid for such purpose. A deed executed by an attorney in fact is not effectual as a recorded instrument against creditors and purchasers, unless the power is also properly acknowledged and recorded.

As against them the authority must be by deed, but if in fact executed by the grantor, although not acknowledged or recorded, it authorizes the execution of a deed, which will pass the title to the grantee and constitute sufficient evidence of the transmission of it against all the world save creditors, and purchasers.

If the power is in fact executed by the principal, if the attorney in fact acts under it, and it authorized him to do so, then the maker can not avoid the result. In this instance even a letter from the appellant would have been sufficient authority to Crowe to unite him in the suit. *Voorhies v. Gore,* 3 B. Mon. (Ky.) 529.

The title of the purchasers is not affected unless they had notice of the revocation before they purchased. Kent says: "In the case of a lawful revocation of the power by the act of the principal it is requisite that notice be given to the attorney, and all acts bona fide done by him under the power, prior to the notice of the revocation are binding upon the principal. Even if the notice had reached the agent, and he concealed the knowledge of revocation from the public, and the circumstances attended the revocation, his

acts done under his former power would still be binding upon his principal." 2 Kent 644.

The statement in the reply cited supra, to the effect that all the parties concerned had knowledge of the revocation is too general in its character. It must be construed most strongly against the pleader, and can only be held to mean those persons, who were interested in the land at the time of the revocation, and this was before the purchasers had become interested.

It is true that it is stated in the amended reply that the appellee O'Brien, had such notice, but he shortly after his purchase and before the want of authority in Crowe had been set up in this suit by appellant, transferred his purchase to other purchasers who had no notice, and they stand in the same attitude that a bona fide purchaser from one who has obtained it by fraud, and must be protected.

Judgment *affirmed.*

*Denny & Tomlinson, for appellant.*

*H. C. Kauffman, Burdett & Walton, for appellee.*